Dear Sheriff Lee:
Reference is made to your request for an opinion of this office regarding the donation of surplus equipment and vehicles by your office to other area law enforcement agencies. In particular, you have asked this office to reconsider Opinion No. 89-66, which determined that a Levee District could not transfer two surplus vehicles, for $1.00 each, to two fire protection districts.
Please be advised that although this office can appreciate your desire to assist other, perhaps less funded, law enforcement agencies, we must affirm the conclusion reached in Opinion No. 89-66.
As noted in Opinion No. 89-66 La. Const. Art. VII, Sec. 14
prohibits the State and its political subdivisions from donating public funds, credit, property, or things of value to or for any person, firm or corporation, public or private. In accordance therewith, your office cannot make a donation of vehicles or equipment to other agencies or entities, even for a public purpose. City of Port Allen v. Louisiana Municipal Risk Agency,Inc., 439 So.2d 399 (La. 1983). Your office is constitutionally prohibited from donating vehicles (or transferring same for inadequate consideration) to other agencies or entities.
However, in light of the fact that your office is engaged in law enforcement, it is the opinion of this office that you and other law enforcement agencies can engage in cooperative law enforcement endeavors. Pertinent in this regard is Guste v.Nicholls College Foundation, 564 So.2d 682 (La. 1983). Therein, the Louisiana Supreme court determined that a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was given and accepted "under the authority of the constitution and laws of this state" as the funds were "transferred in the discharge of the Federation's constitutional or legal duties" and were accepted by the Foundation "with a commitment to assist the Federation in carrying out its constitutional and legal duties in public education".
In accordance with the Guste decision, the Jefferson Parish Sheriff's Office could transfer title to surplus vehicles to another law enforcement agency if the transfer was pursuant to a cooperative endeavor agreement which provides that the transferee law enforcement agency agrees to perform, on behalf of the Jefferson Parish Sheriff's Office, legal or statutory obligation(s) or function(s) that would otherwise have to be performed by the Jefferson Parish Sheriff's Office.
I trust this is responsive to your request. If this office can assist you further, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv